GRAVES v. COLE.

In the district court, all writs should be made returnable to the first day of the term; but if a writ is defective in this particular, it may be corrected by the court, or cured by the appearance of the defendant.

If a writ of attachment is made returnable to the third day of the term, it is doubtful whether it would justify the court in dissolving the attachment lien.

*Error to Wapello District Court.*

*Opinion by* GREENE, J. This case is now before us on petition for rehearing. The case as first tried, is reported in 1 G. Greene, 405. It is now claimed, that the judgment of the court below was improperly reversed as there was a material defect in the writ of attachment which was not amended and which justified the action of the court be-

low, in disolving the attachment and dismissing the writ. The defect to which our attention is now directed for the first time, is that the writ of attachment was made returnable to the third instead of the first day of the term, as is directed by statute. *Rev. Stat.* p. 468, § 1. It appears that the summons was made returnable in the same irregular manner. But the court decided that the attachment was defective and the summons good. Even that of itself would justify the former action of this court in reversing the judgment, for if the defect complained of would invalidate the one writ, it would necessarily have the same effect upon the other. But the irregularity was such that it might have been corrected in both writs by the court, or cured by the appearance of the defendant. If the defect in the summons was waived by such appearance, the the defect in the writ of attachment was waived by the same act; for an appearance to the action could not but be regarded as an appearance to both writs. Besides, it may well be questioned whether such an irregularity could justify a court in dissolving an attachment lien, if good in all other particulars, even if the objection had been made in time. It was a mere defect in form amendable on terms discretionary with the court and which could not impair the authority of the officer or the validity of his levy, nor work any inconvenience to the party. But if the defendant had not appeared, the court would not have been authorized to rendered judgment against him on such attachment before the third day of the term, as mentioned in the writ. We therefore see no reason for disturbing our former decision in this case.

Judgment reversed.

*Wright & Knapp*, for plaintiff in error.

*H. B. Hendershott*, for defendant.